**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **VICTOR O. ROBINSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO.** |
| **v.** | : | **3:21-CV-94 (CAR)** |
| | : | |
| **LAMONTE E. SCOTT, et al,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**

Currently before the Court is Plaintiff Victor O. Robinson's Renewed[1] Motion to Proceed *In Forma Pauperis* ("IFP") [Doc. 5].  Plaintiff, proceeding *pro se*, seeks to initiate a lawsuit against Lamonte E. Scott, the State Bar of Georgia, Manley F. Brown, and Phillip M. Brown. For the reasons explained below, the Court **GRANTS** his Motion to proceed IFP [Doc. 5]. However, if Plaintiff wishes to maintain this action, **he must file a recast Complaint** within twenty-one (21) days of the date of this Order, which will supersede his original Complaint, as hereinafter directed.

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal,

---

[1] This Court previously denied Plaintiff's motion to proceed IFP [Doc. 2] because he provided insufficient factual information regarding his financial situation.

1

or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[2] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[3] The Court should accept statements contained in an IFP affidavit, "absent serious misrepresentation."[4] Although a litigant need not show he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[5]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that he cannot pay the court fees because of his poverty. Plaintiff states he has $20 in his bank account; $15 on a debit card; and he is living with his son. He receives $714.00 per month for disability. Thus, Plaintiff qualifies as a pauper under §1915, and his Motion is **GRANTED** [Doc. 5].

---

[2] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306, n. 1 (11th Cir. 2004).

[3] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[4] *Id.*

[5] *Id.* (citation omitted).

**B. Preliminary Screening**

Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process."[8] "Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face'"[9] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[10] The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

---

[6] 28 U.S.C. § 1915(e)(2)(b).

[7] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[8] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

[10] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

A plaintiff need not plead detailed factual allegations, but he must demonstrate more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[11] However, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[12]

As is its duty, the Court has scrutinized Plaintiff's Complaint and liberally construed his assertions.[13] Plaintiff's Complaint is almost impossible to decipher. The handwritten allegations are disjointed and incoherent, with handwritten comments in the margins of what appears to be excerpts of two letters to the State Bar of Georgia. The comprehensible sections of the Complaint contain conclusory allegations with little to no context or factual basis. Plaintiff appears to allege all Defendants played a role in defrauding him, stealing his money, and forging his signature on documents—among other accusations. [Doc. 3]. He asserts this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331[14] under the Racketeer Influenced and Corrupt Organizations (RICO) Act.[15] And he seeks $25,000,000 in damages from each Defendant.

---

[11] *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 570) (internal citations and quotations omitted).

[12] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

[13] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

[14] This Court assumes Plaintiff is attempting to assert a cause of action under the federal RICO Act. If the plaintiff were to bring a claim under the Georgia RICO laws, this Court would not have jurisdiction to hear the case.

[15] 18 U.S.C. §§ 1961-68.

4

Plaintiff's allegations are insufficient to state a cause of action or establish federal question jurisdiction under the RICO Act.  In order "to state a claim under RICO, 18 U.S.C. § 1962(c), plaintiffs must allege four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."[16] To establish a pattern of racketeering activity, a plaintiff must allege that a defendant committed at least two predicate racketeering acts that demonstrate criminal conduct of a continuing nature.[17] Additionally, plaintiffs bringing a civil RICO action for damages must show (1) that an injury occurred to business or property and (2) "that such injury was 'by reason of' the substantive RICO violation."[18] The "by reason of" standard requires that the defendant's misconduct directly and proximately cause the plaintiff's injury.[19] When evaluating proximate cause in a RICO case, a court must ask "whether the alleged violation led directly to the plaintiff's injuries."[20]

Plaintiff's allegations are wholly insufficient to state a federal RICO claim. Plaintiff has not alleged nor provided any factual basis to establish the conduct described was preformed by an enterprise and involved a pattern of racketeering activity. Thus, Plaintiff has failed to state a claim upon which relief may be granted.

---

[16]*Lawrie v. Ginn Dev. Co., LLC*, 656 F. App'x 464, 467 (11th Cir. 2016) (Citing *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006)).

[17] *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1264 (11th Cir. 2004).

[18] 18 U.S.C. § 1964(c); *Williams*, 465 F.3d at 1283.

[19] *Id.* at 1287.

[20] *Id.* (quoting *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006)).

The United States Court of Appeals for the Eleventh Circuit has "held that when a more carefully drafted complaint might state a claim, a plaintiff must be given at least one change to amend the complaint before the district court dismisses the action with prejudice."[21] Thus, rather than dismiss Plaintiff's Complaint, the Court will allow Plaintiff the opportunity to file a recast Complaint if he wishes to do so.

In the recast complaint, Plaintiff must describe his claims; allege all facts necessary to support his claims; identify and explain how each Defendant's actions violated his rights and caused him harm.

### CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 5] is **GRANTED.** However, if Plaintiff wishes to proceed on the action, he **MUST** submit a recast Complaint within twenty-one (21) days from the date of this Order. The recast Complaint must be filed in accordance with the directives contained in this Order. If Plaintiff fails to respond within the twenty-one (21) days, the Court will dismiss this action with prejudice. Upon receipt of any amended complaint, the Court will re-evaluate the Complaint pursuant to 28 U.S.C. § 1915(e). **There will be no service of process until further order from the Court**.

**SO ORDERED**, this 9th day of September, 2021.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[21] *Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 427 (11th Cir. 2010).